## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JAQUELINE MERCED,
*Individually and as next friend of her minor*
*Daughter, J.M.,*

       Plaintiff,

      v.                                                                  No. 2:23-cv-00471-KWR-KRS

GERMANIA INSURANCE,
TIMOTHY WALES,
HALLEY KAYE WALES, and
FARMERS INSURANCE,

       Defendants.

### ORDER GRANTING MOTION TO REMAND

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Remand (**Doc. 6**).

Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's Motion is

**WELL TAKEN** and, therefore, is **GRANTED**.  The Court **REMANDS** this case to the Ninth

Judicial District Court, Curry County, New Mexico.

### BACKGROUND

This is a negligence action stemming from a motor vehicle collision.  Plaintiff alleges that

on or about July 2, 2022, Plaintiff was driving lawfully through an intersection when Defendant

Halley Wales made an illegal left turn in front of her.  After the collision, both vehicles were

disabled and towed away.

Plaintiff asserts that she and her minor daughtered suffered injuries as a result of the

collision.  Plaintiff asserts the following claims:

Count I – Negligent Operation of a motor vehicle

Count II – Negligence Per se

Count III – Negligent Entrustment

Count IV -  Uninsured/Underinsured Motorist Benefits

Plaintiff filed her complaint in the Ninth Judicial District, Curry County, New Mexico on April 19, 2023.  Defendants removed this case on or about May 31, 2023.

Plaintiff requested compensatory damages and punitive damages.  Doc. 3-1 at 3.  She requested an award for property damage, medical care and treatment, pain and suffering, lost enjoyment of life, and the nature, extent and duration of injuries. *Id.* at 6.

Plaintiff offered to settle the case for less than $75,000.

## DISCUSSION

Defendants removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  *See* 28 U.S.C. § 1446.  Diversity jurisdiction requires diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a). For the reasons stated below, the Court concludes that Defendants have not carried their burden of showing that the amount in controversy exceeds $75,000.  Therefore, the Court lacks diversity jurisdiction and will remand this case.

 "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "The removing party has the burden to show that removal was properly accomplished." *McShares*, *Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D.Kan. 1997).

I.        <u>**Amount in Controversy.**</u>

Where the complaint does not specify the amount of damages owed, the party asserting

federal jurisdiction must prove by a preponderance of the evidence jurisdictional facts showing

that the amount in controversy *may* exceed $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947, 953-

55 (10th Cir. 2008) ("defendant must affirmatively establish jurisdiction by proving jurisdictional

*facts* that made it *possible* that $75,000 was in play") (citation omitted) (emphasis in original).

This burden arises only after a plaintiff argues the amount in controversy is insufficient to support

diversity jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owen*, 135 S.Ct. 547, 554

(2014).  In other words, evidentiary support is not required at the time of removal, but should be

provided in response to the motion to remand. *Id.* at 551, 554.

The amount in controversy "is an estimate of the amount that will be put at issue in the

course of the litigation."  *McPhail*, 529 F.3d at 955. Once the defendant puts forth jurisdictional

facts that make it possible the amount in controversy exceeds $75,000, the case stays in federal

court "unless it is legally certain that less than $75,000 is at stake."  *McPhail,* 529 F.3d at 954

(internal quotation marks omitted), *quoted in Chen v. Dillard Store Servs., Inc.*, 579 F. App'x 618,

620–21 (10th Cir. 2014).

> Defendant may prove these jurisdictional facts by pointing to:
>
> contentions, interrogatories or admissions in state court; by calculation from the
> complaint's allegations[;] by reference to the plaintiff's informal estimates or
> settlement demands[;] or by introducing evidence, in the form of affidavits from
> the defendant's employees or experts, about how much it would cost to satisfy the
> plaintiff's demands.

*McPhail*, 529 F.3d 947, 954 (10th Cir. 2008), quoting *Meridian Security Ins. Co. v. Sadowski*, 441

F.3d 536, 540-43 (7th Cir. 2006).  Defendant may also look to the "substance and nature of the

injuries and damages described in the pleadings." *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1306

(D.N.M. 2001) (Kelly, J.).  Here, Plaintiff argues that the amount in controversy is less than

$75,000. Defendants therefore bear the burden of proving by a preponderance of the evidence jurisdictional facts showing that the amount at issue may involve more than $75,000.

## II.     Analysis.

Here, in their response to the motion to remand, Defendants do not put forth facts suggesting more than $75,000 may be at issue.  Rather, Defendants rely on the factual allegations in the complaint as suggesting more than $75,000 may be at issue.  However, the factual allegations do not suggest that this case is likely to exceed $75,000. The complaint does not describe the injuries, and in general merely describes an ordinary collision on city streets.  Doc. 6 at 4.

Moreover, the Court finds the post-removal settlement offer to be credible evidence of the ambiguous amount in controversy.  Doc. 6 at 5 ("Plaintiff would accept settlement of this case at a value below $75,000"); Doc. 6, Ex. 1 (plaintiff's offer to settle for less than $75,000).  Plaintiff also described this case as "the kind of case that routinely settles for a $25,000 or $50,000 auto policy limit." Doc. 6 at 4.

Defendants assert that the Court should ignore Plaintiff's offer of settlement, as Plaintiff refuses to stipulate, without a settlement, that this case involves less than $75,000.  A stipulation is not required, but may be considered, in establishing the amount in controversy.  A post-removal stipulation cannot strip the Court of diversity jurisdiction. *Rael v. GEICO Gen. Ins. Co.*, 2017 WL 3051953, at *4 (D.N.M. 2017) (Yarbrough, J.) (where evidence otherwise indicated that damages were above $75,000, Plaintiff's post-removal stipulation that she would not seek more than $75,000 came too late).  Generally, diversity jurisdiction is established *at the time of removal*. *Id.*, *citing Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) ("the propriety of removal is judged on the complaint as it stands at the time of the removal."); *Garcia v. Timberlake*, No. CV 11-1017 JP/RHS, 2012 WL 13081216, at *3 (D.N.M. Jan. 5, 2012) (same).

Rather, a stipulation or offer of settlement by the plaintiff can be considered as evidence of an otherwise ambiguous damages amount at the time of removal. *Youell v. Magellan Health Services of New Mexico et al.*, 2018 WL 344959, at *3 (D.N.M. 2018); *Swiech v. Fred Loya Ins. Co.*, 264 F. Supp. 3d 1113, 1135–36 (D.N.M. 2017) (considering post-removal stipulation that amount in controversy was less than $75,000, but rejecting it given "ample" evidence that amount was higher); *Meyer v. Union Pacific Railroad Co.*, 2016 WL 4440452, at *1 (D. Kan. Aug. 23, 2016) (remanding case in light of post-removal stipulation that plaintiff was seeking less than $75,000 in damages); *Garcia v. Timberlake*, 2012 WL 13081216, at *3 (D.N.M. Jan. 5, 2012) (post-removal affidavit clarifying that amount in controversy did not exceed $75,000 established that jurisdiction was lacking at time of removal) (collecting cases); *see* also *Shupe v. Asplundh Tree Expert Co.*, 566 Fed. Appx. 476, 481 (6th Cir. 2014) (in determining amount in controversy for purposes of diversity jurisdiction, court may consider post-removal unequivocal stipulation clarifying rather than reducing the amount in controversy). Here, the Court finds Plaintiff's offer of settlement to be credible evidence of the amount in controversy.

III.     **Attorney fees are not warranted.**

Plaintiff requests attorney fees and costs incurred as a result of this removal pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." While an award of fees is within the discretion of the district court, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005). Considering the totality of the

circumstances, the Court concludes that Defendants had an objectively reasonable basis for removal, and an award of attorney fees and costs to Plaintiff is not justified.

**CONCLUSION**

The Court concludes that the amount in controversy does not exceed $75,000, and this Court lacks diversity jurisdiction.  Therefore, the Court grants Plaintiff's Motion to Remand.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand **(Doc. 6)** is hereby **GRANTED** for reasons described in this order.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Ninth Judicial District Court, Curry County, State of New Mexico.  The Clerk of Court is hereby directed to take the necessary actions to remand the case.

**KEA RIGGS**
**UNITED STATES DISTRICT JUDGE**